UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERRANCE BELCHER,

        Petitioner,

v.                                                               Case No. 1:12-CV-504

MARY BERGHUIS,                                      HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

        Petitioner, Terrance Belcher, has filed lengthy Objections to Magistrate Judge Carmody's February 6, 2015 Report and Recommendation ( R & R), which recommends that the Court deny Petitioner's habeas petition. In particular, the magistrate judge concluded that the Michigan Court of Appeals' determinations that sufficient evidence supported Petitioner's convictions for criminal sexual assault–first degree, criminal sexual assault–third degree, aggravated domestic violence, and unlawful imprisonment were neither contrary to, nor an unreasonable application of, clearly established law from the Supreme Court. (R & R at 15–21.) The magistrate judge likewise concluded that Petitioner is not entitled to habeas relief on his claims of juror misconduct and ineffective assistance of counsel. (*Id.* at 21–26.)

        After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

        Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In addition,

Local Rule 72.3(b) requires a party objecting to a report and recommendation to "file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Sixth Circuit has held that objections to a report and recommendation must be specific. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002).

Petitioner has filed lengthy Objections that fail to comply with the requirement that the objecting party file specific objections to a magistrate judge's report and recommendation. Although Petitioner's objections are also difficult to decipher, the Court has reviewed them and concludes that they provide no basis for rejecting the magistrate judge's well-reasoned recommendation that the Court reject Petitioner's claims. For example, Petitioner essentially continues to make the same argument that he made to the magistrate judge that the jury should have weighed the evidence differently and reached a different result. As the magistrate judge correctly noted, however, in addressing a sufficiency of the evidence claim, a reviewing court must view the evidence in a light most favorable to the prosecution and may not make credibility determinations. *See United States v. Pritchett*, 749 F.3d 417, 430–31 (6th Cir. 2014). Petitioner's remaining arguments are similarly without merit.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment

of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 6, 2015 (dkt. # 44) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (dkt. # 45) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: April 27, 2015                                                  /s/ Gordon J. Quist
                                                                                              GORDON J. QUIST
                                                                       UNITED STATES DISTRICT JUDGE